J-S02035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER JAMES CARBONE | |
| Appellant | No. 3108 EDA 2014 |

Appeal from the Order entered October 1, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0008986-2011

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 29, 2016**

Appellant, Christopher James Carbone, appeals from the order entered on October 1, 2014 in the Court of Common Pleas of Montgomery County, denying his motion to bar re-prosecution. In the brief filed by his counsel pursuant to **Anders v. California**, 386 U.S. 738 (1969), Appellant contends his motion was improperly denied because the prosecution purposefully goaded the defense into moving for a mistrial by eliciting improper comments from a prosecution witness. Appellant's counsel concurrently filed a petition for leave to withdraw. For the reasons that follow, we grant counsel's petition for leave to withdraw and affirm the October 1, 2014 order.

The trial court provided the following factual and procedural background:

On November 23, 2011, a West Norriton Township Police Officer attempted to perform a traffic stop of Appellant's vehicle after observing that Appellant was driving on two flat tires. While the officer was requesting backup, Appellant fled from his vehicle. The officer chased and subsequently tackled Appellant to the ground. The officer tasered Appellant in the back but Appellant rose to his feet and began to flee. The officer again attempted to tackle Appellant to the ground, but saw a muzzle flash and [heard] a gunshot ring out. When the officer eventually tackled Appellant to the ground, a black handgun fell from Appellant's person. Appellant attempted to reach for this handgun and the officer's weapon while they were engaged in a struggle on the ground. Other officers eventually arrived to assist and were able to take Appellant into custody.

Authorities charged Appellant with multiple offenses, including, *inter alia*, Aggravated Assault, Assault of a Law Enforcement Officer, and Possession of a firearm. [18 Pa.C.S.A. §§ 2702, 2702.1 and 6110.2, respectively.]

On July 18, 2012, the Commonwealth filed a Motion *in Limine* to Admit Evidence of [Appellant's] Prior Conviction and Probation Status. The Commonwealth's Motion argued that Appellant's criminal trespass conviction and subsequent probation status were admissible as evidence of Appellant's motive. Specifically, the Commonwealth claimed that the reason Appellant fled from the traffic stop and later attempted to shoot the officer was because he was carrying a gun illegally and faced significant jail time due to his probationary status stemming from his criminal trespass conviction. On December 10, 2013, the [c]ourt granted the Commonwealth's Motion and reiterated that this evidence could only be presented for the very limited purpose of demonstrating Appellant's intent and motive.

On December 11, 2013, during the second day of trial, the Commonwealth called Appellant's probation supervisor as a witness for the purpose of testifying that Appellant had a previous criminal trespass conviction. During direct examination, the probation supervisor testified that she was supervising Appellant on "three (3) separate cases." Appellant's attorney objected and, following a side-bar conference, the [c]ourt granted Appellant's motion for a mistrial due to possible jury prejudice.

On September 24, 2014[,] Appellant filed a Motion to Bar Re-Prosecution Based on Double Jeopardy Grounds, which the [c]ourt denied immediately preceding the scheduled re-trial on October 1, 2014. Appellant's counsel informed the [c]ourt that his client intended to exercise his immediate appellate rights with respect to the [c]ourt's denial of his motion. Consequently, the [c]ourt adjourned and informed Appellant that he had thirty (30) days to file his notice of appeal. On October 23, 2014, Appellant filed a timely notice of appeal.

Trial Court Opinion ("T.C.O."), 7/17/15, at 1-3.

By Judgment Order entered April 25, 2015, we remanded to the trial court for preparation of a supplemental Rule 1925(a) opinion reflecting the trial court's compliance with Pa.R.Crim.P. 587(B), relating to motions to dismiss on double jeopardy grounds. In a supplemental opinion filed with this Court on May 9, 2016, the trial court detailed its compliance with Rule 587(B) and, in particular, noted that it conducted a hearing in open court on September 29, 2014. The trial court explained:

This [c]ourt, as well as counsel, followed Rule 587 when disposing [Appellant's] double jeopardy motion. This [c]ourt heard argument on the cause for [Appellant's] mistrial and respective analyses of double jeopardy law. While [Appellant's] request for relief was found legitimate and non-frivolous, this [c]ourt, in its analysis of relevant case law on double jeopardy, found [Appellant] did not sufficiently demonstrate the cause for mistrial was intentional prosecutorial misconduct. Thus, [Appellant's] [m]otion was denied and his immediate right to appeal of said Order was discussed and confirmed on the record.

Trial Court Supplemental Opinion ("Supplemental Opinion"), 5/9/16, at 4 (citations and footnotes omitted). In his statement of errors complained of filed pursuant to Pa.R.A.P. 1925(b), Appellant raised the same issue he presents for this Court's consideration:

- 3 -

Whether the trial court improperly denied Appellant's Motion to Bar Retrial under the Double Jeopardy Clause because the prosecutor purposefully goaded the defense into moving for a mistrial by intentionally making impermissible and improper comments thus making a retrial unfair?

Appellant's Brief, at 4.

With regard to this Court's jurisdiction over the appeal, the trial court, while noting that it did not agree with the merits of Appellant's double jeopardy claim, conceded it was not frivolous. T.C.O., 7/17/15, at 3; Supplemental Opinion, 5/9/16, at 1-2, 4 and, 8. Therefore, the order is final and appealable and the matter is properly before this Court. *See* Pa.R.Crim.P. 587(B)(6) ("If the judge denies the [double jeopardy] motion but does not find it frivolous, . . . the denial is immediately appealable as a collateral order"), *see also* Pa.R.A.P. 313, *Note*.

As an appeal grounded in double jeopardy, Appellant's claim raises a question of constitutional law. Therefore, our scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Kearns**, 70 A.3d 881, 884 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1063 (Pa. 2014). As we recognized in **Kearns**:

To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings

> will not be disturbed on appeal if they are supported by the record.

*Id.* (citations omitted).

With respect to prosecutorial conduct, our Supreme Court has recognized that:

> [T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of a denial of a fair trial.

*Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992). Further, "[an] error by a prosecutor does not deprive a defendant of a fair trial, but 'where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied.'" T.C.O., 7/17/15, at 4 (quoting *Commonwealth v. Chimiel*, 777 A.2d 459, 464 (Pa. Super. 2001), *appeal denied*, 788 A.2d 372 (Pa. 2001), *cert denied*, 535 U.S. 1059 (2002)).

As noted above, prior to Appellant's first trial, the Commonwealth filed a motion *in limine* seeking admission of Appellant's prior conviction and probation status. The trial court granted the motion, permitting the evidence "for the very limited purpose of demonstrating Appellant's intent and motive." T.C.O., 7/17/15, at 2. At trial, the trial court issued the following cautionary instruction to the jury before Appellant's probation supervisor took the stand:

> Members of the jury, concerning this witness, I need to give you an instruction concerning the testimony you will hear. You will

hear evidence from this witness tending to prove that [Appellant] was previously convicted of criminal trespass and was on supervision, meaning probation or parole, at the time of this event.

Now, this evidence is before you for a very limited purpose, that is, for the purpose of tending to show the natural development of the facts here, why the events unfolded in the way that they did, and as evidence bearing on [Appellant's] intent and motive.

The criminal trespass conviction evidence is also relevant to the charge of person not to possess a firearm. This evidence must not be considered by you in any way other than for the purposes that I've just stated. You must not regard this evidence as showing [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

If you find [Appellant] guilty, it must be because you are convinced beyond a reasonable doubt that he committed the crimes for which he is on trial and not because he was on probation or parole or previously convicted of criminal trespass.

Notes of Testimony (N.T.), Trial, 12/11/13, at 6-8.

During the prosecutor's direct examination of Appellant's probation supervisor, counsel asked a number of questions concerning the supervisor's duties and experience. With regard to Appellant, the supervisor testified she was supervising Appellant in November of 2011. N.T., Trial, 12/11/13, at 8-9. The prosecutor then asked, "What were you supervising him for?" The supervisor replied, "At the time of this arrest, I was supervising him on three separate cases." Defense counsel immediately objected and moved for a mistrial. N.T., Trial, 12/11/13, at 10.

Defense counsel reminded the trial court that the prosecution was instructed not to ask the probation supervisor questions about anything

other than Appellant's criminal trespass conviction. The trial court responded, "Well, the prosecutor did not elicit that answer directly. I mean, he could have asked a more artful question perhaps, but it wasn't intentional, it wasn't misconduct, and it wasn't designed to cause you to ask for a mistrial. I will grant the mistrial." The prosecutor insisted, "Your Honor, I specifically instructed [the probation supervisor] to only discuss criminal trespass, no other charges that were pending." N.T., Trial, 12/11/13, at 12-13.

In its Rule 1925(a) opinion, the trial court explained:

> [A]lthough the prosecutor asked too many questions leading into the statement prompting the mistrial, many of which were irrelevant, there was no indication of any type of intentional misconduct committed by the prosecutor. There is absolutely no evidence that the prosecutor prompted the witness to refer to Appellant's other active cases. The only thing this testimony demonstrates is a mishandling of questions on the part of the prosecutor and confusion on the part of the witness. Even if this were to rise to the level of gross negligence, Appellant is not entitled to relief. ***See Kearns, supra***. Further, the Judge's statements . . . also demonstrate that the trial court clearly did not believe the prosecutor engaged in any intentional misconduct. Accordingly, Appellant's retrial is not barred on double jeopardy grounds.

T.C.O., 7/17/15, at 9.

We may not address the merits of Appellant's appeal without first reviewing counsel's request to withdraw. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in ***Commonwealth v. Santiago***, 978 A.2d 349

(Pa. 2009), did not change the procedural requirements for requesting withdrawal from representation under **Anders**. To satisfy those requirements

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Cartrette**, 83 A.3d at 1032 (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

Here, Appellant's counsel filed a petition for leave to withdraw on December 1, 2015. In the petition, appellate counsel explained that her exhaustive review of the record and diligent research of the law led to the conclusion that there were no non-frivolous issues to be raised on Appellant's behalf. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration. Petition for Leave of Court to Withdraw as Appellate Counsel, 12/1/14, at 2-4. We conclude counsel satisfied the procedural requirements set forth in **Anders**.

Having determined counsel satisfied the procedural requirements of **Anders**, we must ascertain whether the brief satisfied the substantive

mandates prescribed in **Anders**, as refined in **Santiago**. In **Santiago**, our

Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In her **Anders** brief, counsel provided a statement of the case that includes a procedural history of the case with excerpts from and citations to the record. Appellant's Brief at 5-9. Counsel has satisfied the first requirement under **Santiago**.

The second required element under **Santiago** is that the **Anders** brief refer to anything in the record that counsel believes arguably supports the appeal. In the **Anders** brief, counsel questioned whether the trial court improperly denied Appellant's motion to bar retrial on double jeopardy grounds because the prosecutor purposefully goaded the defense into moving for a mistrial. Counsel offered an excerpt from the trial transcript, including the response elicited from Appellant's probation supervisor that culminated in the trial court's grant of Appellant's motion for mistrial. Appellant's Brief at 8. Appellant presented a survey of case law addressing bar of a retrial on double jeopardy grounds not only when prosecutorial

misconduct is intended to provoke a defendant to move for mistrial but also when the misconduct is intentionally undertaken to prejudice a defendant. Appellant's Brief at 11-14. We conclude that counsel has satisfied the second **Santiago** requirement.

Counsel also has satisfied the third element, setting forth her conclusion that the appeal is frivolous. Appellant's Brief at 14. Counsel explained that a retrial is properly barred on double jeopardy grounds in instances of egregious and continuing forms of prosecutorial misconduct. She distinguished Appellant's case, noting it involved a single instance of an artlessly phrased question that led to an unintentional response and, ultimately, resulted in a mistrial. She maintained that the prosecutor's conduct was neither intended to provoke Appellant into seeking a mistrial nor intentionally undertaken to prejudice Appellant to the denial of a fair trial. **Id.**[1] Counsel has satisfied the fourth requirement under **Santiago**.

---

[1] We note that the Commonwealth submitted a letter dated November 30, 2015 in lieu of a formal brief. In its letter, the Commonwealth advised this Court of its agreement with Appellant's counsel that "there is no basis in either law or fact to support [Appellant's] appeal" and asked this Court to affirm the order of the trial court. Commonwealth Letter in Lieu of Brief, 11/30/15, at 1.

Having determined the procedural and substantive requirements of *Anders* and *Santiago* are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is wholly frivolous or if there are any other meritorious issues present in this case. *Santiago*, 978 A.2d at 354 (quoting *Anders*, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

Again, Appellant contends the trial court improperly denied Appellant's motion to bar retrial because the prosecutor purposefully goaded the defense into moving for a mistrial. Appellant's Brief at 4. Our independent review confirms that the issue identified in this appeal is in fact wholly frivolous and that there are no other meritorious issues present in this case. Finding no error in the trial court's ruling, we grant counsel's request to withdraw and affirm the denial of Appellant's motion to bar retrial.

Counsel's petition for leave to withdraw is granted. Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Lazarus joins this memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2016

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | **Common Pleas Court No.:** |
| | : | **CP-46-CR-0008986-2011** |
| v. | : | |
| | : | **Superior Court No.:** |
| CHRISTOPHER JAMES CARBONE | : | **3108 EDA 2014** |

---

## SUPPLEMENTAL OPINION

WEILHEIMER, J.                                                                                          MAY 6, 2016

On October 23, 2014, Defendant/Appellant, Christopher James Carbone, appealed from this Court's October 1, 2014 Order[1], denying his Motion to Bar Re-Prosecution Based on Double Jeopardy Grounds ("Defendant's Motion") following a mistrial. For the reasons previously given in this Court's July 17, 2015 Opinion[2] and those that follow in the instant May 6, 2016 Supplemental Opinion, said Order is proper and should be affirmed.

### FACTS AND PROCEDURAL HISTORY

On September 24, 2014, Defendant filed a Motion to Bar Re-Prosecution Based on Double Jeopardy Grounds, which this Court denied on the record, in open court, at the close of argument on September 29, 2014, immediately preceding the scheduled re-trial on October 1, 2014. Following a sidebar conference among counsel and the Honorable Gail Weilheimer, Defense counsel informed this Court that Defendant intended to exercise his immediate appellate rights with respect to this Court's Order denying Defendant's Motion.[3] This Court confirmed Defendant had a legitimate right to an immediate appeal and specifically found such request and

---

[1] This Court actually denied Defendant's Motion to Bar Re-Prosecution on September 29, 2014 on the record in open court, as well as entered its Order stating the same; however, said Order was not officially docketed until October 1, 2014.

[2] *See* Opinion, July 17, 2015 (more extensive factual and procedural history; in-depth discussion of the relevant case law).

[3] Argument Transcript 23:17-24, September 29, 2014.

underlying motion were not frivolous.[4] On October 23, 2014, Defendant filed a timely Notice of Appeal. Defendant raised the following issue in his Statement of Matters Complained of on Appeal ("Concise Statement") pursuant to Rule 1925:

> DID THE TRIAL COURT IMPROPERLY DENY DEFENDANT'S MOTION TO BAR RETRIAL UNDER THE DOUBLE JEOPARDY CLAUSE BECAUSE THE PROSECUTOR PURPOSEFULLY GOADED THE DEFENSE INTO MOVING FOR A MISTRIAL BY INTENTIONALLY MAKING IMPERMISSIBLE AND IMPROPER COMMENTS THUS MAKING A RETRIAL UNFAIR?

(Defendant's Concise Statement); *see also* PA. R.A.P. 1925(b) (2014).

On July 17, 2015, this Court filed its Opinion in support of its October 1, 2014 Order, denying Defendant's Motion to Bar Re-Prosecution.[5] This ruling was entered in accordance with Rule 587, as well as Superior and Supreme Court case doctrine on double jeopardy rules and preserving a defendant's rights.[6] *See* PA. R. CRIM. P. 587(B) (2013). On April 25, 2016, the Superior Court filed its Non-Precedential Decision, remanding to this Court to file this May 2, 2016 Supplemental Opinion pursuant to Rule 1925. *See* Pa. R.A.P. 1925(a) (2014). Specifically, the Superior Court requested this Court to illustrate its adherence to the governing procedure for disposing of double jeopardy motions pursuant to Rule 587. *See* PA. R. CRIM. P. 587(B) (2013).

---

[4] *Id.* at 24:8-10, 15-18.
[5] *See* Opinion at 4, July 17, 2015.
[6] Argument Transcript 21:9-16; 22:4-8 (mistrial was not a result of prosecutorial misconduct), September 29, 2014.

2

## DISCUSSION

**I.   With respect to appeals based upon double jeopardy grounds, the Superior Court applies a *de novo* standard of review to legal conclusions reached by the trial courts, and a deferential standard to any factual findings.**

This Court, in its initial July 17, 2015 Opinion, previously cited the law respecting the standard of review that is to be applied to its disposition of Defendant's Motion.[7]   For convenience purposes, the standard has been reproduced as follows:

> An appeal grounded in double jeopardy raises a question of constitutional law. [The Superior Court's] scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Kearns*, 70 A.3d 881, 884 (Pa. Super. 2013), *appeal denied*, 84 A.3d 1063 (Pa. 2014) (internal citations and quotations omitted).

Defendant's instant appeal of this Court's denial of his Motion to Bar Re-Prosecution clearly implicates constitutional concerns. However, the outcome of Defendant's appeal depends on the question of whether the mistrial was caused by intentional prosecutorial misconduct, which is a question of fact. This Court clearly stated on the record during the September 29, 2014 Argument its finding there was no bad faith intention on behalf of the prosecution to force mistrial in order to re-prosecute Defendant.[8]   Rather, it was the parole officer witness' mistake of revealing inadmissible prior bad acts of the Defendant that resulted in

---

[7] *See* Opinion at 4, July 17, 2015.

[8] Argument Transcript 21:9-16, September 29, 2014.

3

mistrial.[9] Therefore, this Court's disposition of Defendant's Motion rests largely upon such factual findings and the Superior Court precedent indicates greater deference will be afforded to the same.

**II. This Court, after hearing argument on September 29, 2014 denied said on Defendant's Motion to Bar Re-Prosecution on Double Jeopardy Grounds in accordance with Rule 587.**

This Court, as well as counsel, followed Rule 587 when disposing Defendant's double jeopardy motion. *See* PA. R. CRIM. P. 587(B) (2013). This Court heard argument on the cause for Defendant's mistrial and respective analyses of double jeopardy law.[10] While Defendant's request for relief was found legitimate and non-frivolous, this Court, in its analysis of relevant case law on double jeopardy, found Defendant did not sufficiently demonstrate the cause for mistrial was intentional prosecutorial misconduct.[11] *See **Commonwealth v. Chimiel**,* 777 A.2d 459, 464 (Pa. Super. 2001), *appeal denied,* 788 A.2d 372 (Pa. 2001), *cert denied,* 152 L.Ed.2d 829 (US 2002) (prosecutorial error does not deprive fair trial); ***Commonwealth v. Kearns**,* 70 A.3d 881, 884 (Pa. Super. 2013), *appeal denied,* 84 A.3d 1063 (Pa. 2014) (prosecutorial gross negligence insufficient to bar retrial). Thus, Defendant's Motion was denied and his immediate right to appeal of said Order was discussed and confirmed on the record.[12]

---

[9] *Id.*

[10] *Id.* at 1-16 (argument by Perry de Marco, Jr., Esq., counsel for defense); 16-19 (argument by Matthew Quigg, Esq., counsel for the Commonwealth).

[11] *Id.* at 21:9-16; 22:4-8 (mistrial was not a result of prosecutorial misconduct); 24:15-18 (finding Defendant's claim non-frivolous and legitimate).

[12] *Id.* at 23:17-24 (Mr. de Marco stated Defendant's intention of exercising his immediate appeal rights with respect to this Court's disposition of the Motion to Bar Re-Prosecution); 24:8-10 (this Court confirming Defendant's right to immediate appeal).

4

*"A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support them."* PA. R. CRIM. P. 587(B)(1).

Defendant's Motion concisely presented the procedural and factual history in the instant matter that compelled the Honorable William Carpenter to declare the December 11, 2013 proceeding as a mistrial[13], and used said history in conjunction with the relevant double jeopardy law[14] to support Defendant's request for relief to bar the Commonwealth from re-prosecution. Defendant's essential argument for barring re-trial is that counsel for the Commonwealth intentionally elicited inadmissible witness testimony regarding Defendant's prior bad acts. Specifically, Defendant alleged, "[t]he Honorable William Carpenter would not allow any other convictions to be discussed and cautioned the Commonwealth to avoid this issue[,]" yet during the December jury trial the Commonwealth attorney, "intentionally confused the witness" to reveal the prohibited testimony.[15] Defendant also reserved the opportunity to supplement with other case law prior to the September 29, 2014 Argument.[16]

*"A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court."* PA. R. CRIM. P. 587(B)(2).

This Court promptly disposed of Defendant's Motion on the record in open court on September 29, 2014, consistent with Rules 577 and 587. *See* PA. R. CRIM. P. 577 (2004); 587(B) (2013). A hearing on a motion to dismiss on double jeopardy grounds is mandatory and must be conducted on the record in open court. PA. R. CRIM. P. 577(A)(2); 587(B)(2). Accordingly, the Commonwealth is guaranteed the opportunity to respond to such a motion, either by written or oral response. PA. R. CRIM. P. 577(A)(1). After hearing arguments by counsel, the judge is

---

[13] Defendant's Motion to Bar Re-Prosecution on Double Jeopardy Grounds ¶¶ 1-5, September 24, 2014.
[14] *Id.* at ¶ 6.
[15] *Id.* at ¶¶ 3-4.
[16] *Id.* at ¶ 7.

required to promptly dispose of such a motion, which entails, *inter alia*, findings of fact being made on the record. *Id.*

On August 4, 2014, this Court entered an Order following mistrial, scheduling the matter for a new jury trial on September 29, 2014[17], which was docketed and served to the parties pursuant to Rule 114. *See* PA. R. CRIM. P. 114 (2011). On September 24, 2014, four days before the scheduled jury trial, Defendant filed his Motion to Bar Re-Prosecution.[18] So, instead of proceeding to trial on September 29, this Court heard argument on Defendant's Motion and gave each counsel the opportunity, entitled to them by Rules 577 and 587, to carefully present their line of reasoning for denying or granting the Defendant relief.[19] *See* PA. R. CRIM. P. 577; 587(B). Subsequently, this Court promptly denied Defendant's Motion on the record in open court[20] and via written order on the docket.[21]

> *"At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion."* **PA. R. CRIM. P. 587(B)(3).**

At the conclusion of the September 29, 2014 Argument, the Honorable Gail Weilheimer denied Defendant's Motion after explaining the standard necessary for double jeopardy to attach[22]; finding no bad faith existed on behalf of the prosecution to cause a mistrial[23]; and concluding the relevant legal authority supports such a finding.[24] This Court found credible the Commonwealth's explanation that the prohibited witness testimony was inadvertently elicited through standard questions about the witness' background as a parole officer, meant only to

---

[17] Order, August 4, 2014 by the Honorable William Carpenter.
[18] Defendant's Motion to Bar Re-Prosecution Based on Double Jeopardy Grounds, September 24, 2014.
[19] Argument Transcript 1-16 (Mr. DeMarco); 16-19 (Mr. Quigg), September 29, 2014.
[20] *Id.* at 21:17-22.
[21] Order, October 1, 2014 by the Honorable Gail Weilheimer.
[22] Argument Transcript 20, September 29, 2014.
[23] *Id.* at 21:9-16.
[24] *Id.* at 21:9-16; 22:4-8.

6

assist the jury in both understanding the relevance of her testimony and determining her credibility.[25]   The credibility of said explanation was bolstered by the Commonwealth's concession of Defendant's right to a mistrial, which was consistent between the time of mistrial and during the argument on Defendant's Motion.[26]  Further, this Court found the grant of mistrial was adequate to protect Defendant's rights.[27]

***"In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness."* PA. R. CRIM. P. 587(B)(4).**

This Court explicitly stated upon the record during the September 29, 2015 Argument, though Defendant's Motion was being denied, his request for relief to bar re-prosecution is not frivolous.[28]  Defendant's arguments were reasonable, such that the Honorable William Carpenter gave clear, pre-cautionary instructions to the Commonwealth's counsel in order to prevent the jury from hearing inadmissible evidence of Defendant's prior bad acts while questioning the parole officer witness.[29]  This Court also agreed with Defendant that the Commonwealth's attorney could have more artfully crafted his questions so that the improper testimony had not been elicited.[30]  However, these arguments do not rise to the level of intentional misconduct necessary to trigger the double jeopardy rule under the relevant law.[31]  *Compare **Commonwealth v. Smith**,* 615 A.2d 321, 325 (Pa. 1992) (intended prosecutorial misconduct provoking mistrial and prejudicing defendant).  Defendant's contentions are supportive of his right to have a mistrial declared, which was already granted in this matter to ensure Defendant indeed has a fair trial by jury, but the right to bar re-prosecution does not likewise attach.  Thus, this Court

---

[25] *Id.* at 16-19 (Mr. Quigg); 21:9-16; 22:4-8; *see also* N.T. Trial, December 11, 2013 (line of questioning by Mr. Quigg to probation officer).
[26] *Id.* at 16-19 (Mr. Quigg).
[27] *Id.* at 21:17-22.
[28] *Id.* at 24:15-18.
[29] *Id.* at 16-19 (Mr. Quigg); 21:9-16.
[30] *Id.* at 21:9-16; *see also* N.T. Trial, December 11, 2013 (Honorable William Carpenter).
[31] *Id.* at 21:9-16.

expressed that Defendant's Motion, as well as his intent to immediately appeal the denial thereof, is not frivolous.[32]

> *"If the judge denies the motion but does not find it frivolous, the judge shall advise the Defendant on the record that the denial is immediately appealable as a collateral order."* PA. R. CRIM. P. 587(B)(6).

Following this Court's analysis supporting the denial of Defendant's Motion, the Honorable Gail Weilheimer noted a jury was ready, as the original scheduling contemplated a jury trial, making it possible to proceed to trial on the same day Defendant's Motion was denied.[33] At that time, counsel for Defendant requested a sidebar conference, which was then held to further discuss Defendant's appellate rights and the significance of a frivolity finding thereon.[34] Afterward, counsel for Defendant respectfully informed this Court of Defendant's intent to file an immediate appeal of the order denying Defendant's Motion.[35] The Honorable Gail Weilheimer confirmed Defendant's right and intent to appeal, specified on the record that Defendant's claim was not frivolous, and canceled the jury.

---

[32] *Id.* at 24:15-18.
[33] *Id.* at 22:11-12.
[34] *Id.*
[35] *Id.* at 23:17-24.

8

## CONCLUSION

Wherefore, based upon the foregoing and the legal analysis in this Court's July 17, 2015 Opinion, the decision to deny Defendant's Motion was proper and should be affirmed.

BY THE COURT:

**GAIL WEILHEIMER, J.**

Copies mailed on May _9_, 2016:

Clerk of Courts
Jessie King, Esquire (District Attorney's Office)
Public Defender's Office
Christopher Carbone (MCCF)

Karen Copestick, Judicial Secretary

9