**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Kenneth KEARNS, Appellee.**

Superior Court of Pennsylvania.

Submitted May 13, 2013.

Filed July 12, 2013.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Patrick J. Thomassey, Monroeville, for appellee.

BEFORE: BENDER, J., LAZARUS, J., and STRASSBURGER, J.*

OPINION BY BENDER, J.

The Commonwealth appeals from the trial court's order dismissing the prosecution and barring the retrial of Appellee, Kenneth Kearns, on double jeopardy grounds, following the trial court's previous order granting his request for a mistrial due to discovery violations committed by the Commonwealth. After careful review, we reverse.

The Commonwealth charged Appellee by criminal information with attempted homicide, two counts of aggravated assault, and reckless endangerment. The charges arose out of an incident that occurred on June 15, 2008, in which Appellee shot the victim, Joseph Allen Piole, during an altercation at Appellee's home. Appellee's non-jury trial began on May 3, 2010, but it ended in a mistrial.

The trial court's accounting of the events that transpired before and during Appellee's trial, ultimately leading to the mistrial and subsequent dismissal of the prosecution, are as follows:

During the Commonwealth's presentation of evidence, defense counsel learned of the existence of an incident report prepared by the West Deer Township Police [ (Report) ] dated June 15, 2008. . . . Defense counsel brought the existence of this previously undisclosed report to this Court's attention and requested a postponement. The postponement was granted. When the parties reconvened on May 13, 2010, the District Attorney's Office revealed to the Court that on May 6, 2010, it ha[d] requested the entire case file from the West Deer

Police Department and, in reviewing that file, determined that there were two additional documents that had not been previously disclosed to defense counsel [ (Statements 1 and 2) ]. [Statement 1] is a hand-written statement by [a] witness, Pamela Truckley, who was present when the victim and the defendant engaged in their altercation and when the defendant shot the victim. [Statement 2] was a written statement provided by the defendant after his arrest. When the parties reconvened, defense counsel requested a mistrial based upon the failure of the Commonwealth to provide essential and material discovery to the defendant. Clearly, the [Report], the initial hand-written statement of the only other person who witnessed this incident [Statement 1] and the original handwritten statement of the defendant [Statement 2] were vitally important documents that should have been provided to defense counsel at some time prior to the middle of the trial. To expect trial counsel to digest the matters set forth in those reports and continue to represent the defendant at the trial was unreasonable and this Court, accordingly, granted a mistrial. The defendant thereafter filed a Motion to Dismiss alleging a double jeopardy violation. Considering the arguments of counsel and reviewing the facts in this matter, this Court entered an Order dismissing the charges and barring a retrial. The Commonwealth appealed from that Order.

TCO, 2/12/12, at 2–4.

The Commonwealth presents the following question for our review:

Whether the trial court erred and abused its discretion in granting the motion to dismiss charges where the failure to disclose the relevant reports was not

---

* Retired Senior Judge assigned to the Superior Court.

intentional, the materials were duplicative of information and materials that had already been provided to appellee, appellee suffered no prejudice by the late disclosure, and appellee initially requested, and was granted, a new trial[?]

Commonwealth's Brief, at 6.

 Although not expressly stated in the question raised by the Commonwealth, the trial court dismissed the prosecution on double jeopardy grounds, and "[a]n appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo* [.]" *Commonwealth v. Vargas*, 947 A.2d 777, 780 (Pa.Super.2008) (internal citations omitted). To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Wood*, 803 A.2d 217, 220 (Pa.Super.2002) (quoting *Commonwealth v. Young*, 692 A.2d 1112, 1114–15 (Pa.Super.1997)).

 "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). However, the "Double Jeopardy Clause is no bar to retrial" when "the defendant moves for a mistrial[.]" *Id.* at at 673, 102 S.Ct. 2083 (1982). The Supreme Court of the United States

has recognized a limited exception to this rule, holding that:

[T]he circumstances under which … a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

*Id.* at 679, 102 S.Ct. 2083.

 Our Supreme Court has determined that the Double Jeopardy Clause of Pennsylvania's constitution provides greater protection than its federal counterpart:

[T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

*Commonwealth v. Smith*, 532 Pa. 177, 615 A.2d 321, 325 (1992).

As this Court has reflected:

The *Smith* standard precludes retrial where the prosecutor's conduct evidences intent to so prejudice the defendant as to deny him a fair trial. A fair trial, of course is not a perfect trial. Errors can and do occur. That is why our judicial system provides for appellate review to rectify such errors. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied.

*Commonwealth v. Chmiel*, 777 A.2d 459, 464 (Pa.Super.2001).

 Thus under Pennsylvania jurisprudence, it is the *intentionality behind the Commonwealth's subversion of the*

*court process,* not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial.[1] Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial. As this Court has often repeated, "[a] fair trial is not simply a lofty goal, it is a constitutional mandate, ... [and] [w]here that constitutional mandate is ignored by the Commonwealth, we cannot simply turn a blind eye and give the Commonwealth another opportunity." *Chmiel,* 777 A.2d at 464 (quoting *Commonwealth v. Martorano,* 559 Pa. 533, 741 A.2d 1221, 1223 (1999)).

In its 1925(b) opinion, the trial court set forth the following analysis in determining that it had not erred in granting Appellee's motion to dismiss on double jeopardy grounds:

Here, the prejudice to the defendant was clear. The prior statement of the Commonwealth's principal witness and a handwritten statement given by the defendant were withheld. Defense counsel's trial strategy would certainly have been affected had this evidence been provided, as the rule required, in advance of trial. Not providing counsel with an incident report, standing alone, may not have been enough to warrant the granting of a new trial. Here, however, after the Court granted one continuance to allow defense counsel to digest the incident report and prepare for cross examination, when the parties returned, it was revealed that two additional reports: the defendant's statement and the eyewitness statement ha[d] been withheld from the defendant and his counsel. The granting of the mistrial was necessary to protect the defendant's right to a fair trial.

The Commonwealth contends that the remedy of dismissal was an abuse of discretion. The Court dismissed the charges because the Commonwealth was at least grossly negligent in failing to produce to the defendant in discovery the items identified above. All that it took for the Assistant District Attorney to do to discover the documents withheld from the defendant was to demand to see the entire file from the police department. Once that was done, the prosecutor determined that several items had not been provided in discovery. There was no explanation, however, for why the prosecutor did not undertake this review of the police officer's case file *before* trial, when the prosecution has an affirmative obligation to provide discoverable material to the defense. While it did not appear that the prosecutor intentionally withheld this evidence, it is apparent to this Court that the [p]rosecution was grossly negligent in failing to obtain and produce the clearly discoverable material. The end result is the same, a defendant is placed in jeopardy but his trial is interrupted because of the failure of the prosecution to perform a simple, yet important task: make sure the defendant is provided with all required discovery.

Here, because the failure to provide discovery provoked the mistrial, it would be an injustice for the defendant to again

---

1. Here, Appellee now possesses the evidence he was initially denied, and by granting his motion for a mistrial, the trial court has provided the defense with ample time to reformulate its strategy based upon the new evidence.

Clearly, there may be certain circumstances in which certain types of prejudice cannot be remedied by retrial, but those circumstances are not the subject of the instant appeal.

be placed in jeopardy. The dismissal of the charges was the appropriate remedy.

TCO, at 4–6 (emphasis in original).

The trial court thrice referenced its factual finding that the prosecution did not act intentionally. The trial court first opined that the prosecutor "was at least grossly negligent[,]" and then later stated that the prosecutor "was grossly negligent in failing to obtain and produce the clearly discoverable material." *Id.* at 5, 6. The trial court also stated that it found that "it did not appear that the prosecutor intentionally withheld this evidence[.]" *Id.* at 6. Nowhere in the trial court's opinion does it state that the Commonwealth acted intentionally to deprive Appellee of a fair trial, or that the misconduct was intended to provoke Appellee into requesting a mistrial.

In 1977, our Supreme Court held that if "a mistrial is ordered on defendant's motion due to intentional or grossly negligent misconduct on the part of the prosecutor or judge, reprosecution is barred by the [United States'] double jeopardy clause." *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90, 109 (1977). As our Supreme Court noted in *Commonwealth v. Simons,* 514 Pa. 10, 522 A.2d 537, 539 (1987), however, "[t]his expansive interpretation of the standard of review in double jeopardy cases was repudiated in *Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881 (1979)[.]" It is now well-settled that when a defendant requests a mistrial, the federal Double Jeopardy Clause bars retrial only when "the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Id.* at 679, 102 S.Ct. 2083. The additional protections provided under Pennsylvania's Double Jeopardy clause *do not extend to non-intentional prosecutorial misconduct,* but rather only bar retrial

following a defendant's successful motion for a mistrial "when the conduct of the prosecutor [giving rise to the mistrial] is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Smith,* 615 A.2d at 325.

In this instance, we accept the factual determinations of the trial court regarding the Commonwealth's conduct and, further, we accept its legal conclusion that the Commonwealth was grossly negligent in withholding discoverable evidence from the defense based upon those factual determinations. Nevertheless, gross negligence on the part of the Commonwealth is never a sufficient basis upon which to bar retrial *on double jeopardy grounds.* See *Kennedy, supra; and see Smith, supra.* By holding to the contrary, the trial court applied an incorrect standard of law or misapplied the appropriate standard. Accordingly, we are constrained to reverse the order of the trial court granting Appellee's motion to dismiss the prosecution on double jeopardy grounds.

Order *reversed.* Case *remanded* for further proceedings consistent with this opinion. Jurisdiction *relinquished.*