**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YARED ABDIEL PEREZ | : | |
| | : | |
| Appellant | : | No. 259 WDA 2018 |

Appeal from the Order January 23, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001535-2017

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 25, 2018**

Yared Abdiel Perez (Appellant) appeals from the order denying his motion to dismiss charges based on double jeopardy.  We affirm.

The trial court detailed the facts and procedural history of this case as follows:

> On July 17, 2017, an Information was filed against Appellant on six criminal counts, including:  (1) Violation of the Controlled Substance, Drug, Device and Cosmetic Act, Possession with Intent to Deliver; (2) Liquefied Ammonia Gas, Precursors and Chemicals; (3) Operating A Methamphetamine Laboratory; (4) Violation of the Controlled Substance, Drug, Device and Cosmetic Act, Possession of Drug Paraphernalia; (5) Recklessly Endangering Another Person; and (6) Endangering Welfare of Children.
>
> A jury trial was held for the above-captioned matter before the [trial court] on December 12th and 13th, 2017.  Appellant was the last witness to testify in the jury trial on December 13th, 2017.  Assistant District Attorney Jared M. Trent, while cross-examining Appellant, inquired as to how Appellant learned of the charges against [him] in the instant matter.  In response to this particular line of questioning, Appellant answered he learned of the charges

_____
* Former Justice specially assigned to the Superior Court.

from his "parole agent." Specifically, the exchange between ADA Trent and Appellant proceeded, in pertinent part, as follows:

Q: If you had been charged, would you have known about this?

A: What?

Q: If you were charged in this case?

A: I was charged in this case.

Q: How did you find out about that?

A: When they arrested me. I got a call from my – I got a call from my parole agent, he told me to come in. It was weird because – it was weird because he never calls me, never. So when he called me, he told me to come there and that's how I found out about it.

(*See* Notes of Testimony, Jury Trial, Day 2, Dec. 13, 2017, pg. 168:14-24).

Upon eliciting this response from Appellant, ADA Trent ceased cross-examining Appellant and expressed his concern with this [t]rial [c]ourt. (*Id*. at 168:20-169:1). Appellant, through Attorney Clelland, orally moved for a mistrial. (*Id*. at 171:11-19). This [t]rial [c]ourt granted Appellant's request for a mistrial, and the jury was discharged. (*Id*. at 171:21-22).

On January 10, 2018, Appellant filed, through Attorney Clelland, the present "Motion to Dismiss Information – Double Jeopardy" (hereinafter "Motion to Dismiss"). By Order dated January 11th, 2018, a hearing was scheduled on January 17th, 2018 for Appellant's Motion to Dismiss. On January 17th, 2018, said hearing was held, and this [c]ourt heard testimony and oral arguments from both counsel. At said hearing, ADA Trent stated he did not know the answer to the particular question he asked Appellant during trial, i.e., that Appellant learned of the charges against him in the instant matter through his parole agent. (*See* Motion to Dismiss Transcript, Jan. 17, 2018, at pg. 11:11-13; 14:9-12). Attorney Trent also indicated he did not intentionally provoke Appellant to elicit this particular response and argued such an inquiry does not "constitute either gross negligence or

intentional misconduct." (*Id*. at 15:9). ADA Trent additionally conceded the line questioning of Appellant at issue constituted an "inartful" inquiry. (*Id*. at 14).

By Opinion and Order January 22nd, 2018, this [t]rial [c]ourt denied Appellant's "Motion to Dismiss Information – Double Jeopardy." Therein, pursuant to Pennsylvania Rule of Criminal Procedure 587(B)(4) and (6), this [t]rial [c]ourt also found Appellant's Motion to Dismiss on double jeopardy grounds was not frivolous. Thus, this [t]rial [c]ourt advised Appellant that said Order was "immediately appealable as a collateral order pursuant to Pa.R.Crim.P. 587(B)(6)." Pa.R.Crim.P. 587(B)(4) & (6). Thus, on February 16th, 2018, Appellant filed his interlocutory Notice of Appeal wherein Appellant appealed this [t]rial [c]ourt's Order dated January 22, 2018. By Order dated the same day, on February 16th, 2018, this [t]rial [c]ourt directed Appellant to file his concise statement of matters complained of on appeal within twenty-one days of the entry of said Order. On March 6th, 2018, Appellant filed his Concise Statement of Matters Complain[ed] of on Appeal.

On March 16th, 2018, the Superior Court of Pennsylvania issued a Per Curiam Order directing Attorney Clelland to show cause in the form of a letter why Appellant's appeal at Docket Number 259 WDA 2018 should not be quashed as a premature appeal from this [t]rial [c]ourt's interlocutory Order dated January 22, 2018. By letter dated March 20th, 2018, Attorney Clelland responded to the Pennsylvania Superior Court's Order. Therein, Attorney Clelland noted he was enclosing a copy of this [t]rial [c]ourt's Order dated January 22nd, 2018, wherein this [t]rial [c]ourt advised Appellant of his right to appeal pursuant to Pennsylvania Rule of Criminal Procedure 587(B)(6).

Trial Court Opinion, 3/29/18, at 1-3.

On appeal, Appellant presents a single issue for review:

WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND/OR ERROR OF LAW WHEN IT DENIED APPELLANT'S MOTION TO DISMISS CRIMINAL INFORMATION BASED ON THE FACT THAT DOUBLE JEOPARDY HAD ATTACHED?

Appellant's Brief at 3.

With respect to Appellant's double jeopardy claim, our scope and standard of review is as follows:

> An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Graham*, 109 A.3d 733, 736 (Pa. Super. 2015) (citation omitted).

The prohibition against double jeopardy was designed to protect individuals from being tried or punished more than once for the same allegation or offense. *Commonwealth v. Ball*, 146 A.3d 755, 759 (Pa. 2016). The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. Likewise, Article I, § 10 of the Pennsylvania Constitution provides that "No person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. Const. art. I, § 10; *see also Commonwealth v. Minnis*, 83 A.3d 1047, 1049 n.1 (Pa. Super. 2014) (*en banc*).

In assessing a double jeopardy claim grounded in prosecutorial misconduct, we are guided by the following:

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution protect a defendant from repeated criminal prosecutions for the same offense. Ordinarily, the law permits retrial when the defendant successfully moves for mistrial. If, however, the prosecution engages in certain forms of intentional misconduct, the Double Jeopardy Clause bars retrial. Article I, § 10, which our Supreme Court has construed more broadly than its federal counterpart, bars retrial not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial. An error by a prosecutor does not deprive the defendant of a fair trial. However, where the prosecutor's conduct changes from mere error to intentionally subverting the court process, then a fair trial is denied.

*Commonwealth v. Adams*, 177 A.3d 359, 371 (Pa. Super. 2017) (citations omitted). "[W]hether a dismissal is warranted turns on whether the Commonwealth intended to deprive the defendant of a fair trial. As [we have] explained, dismissal is an appropriate remedy in such a case because a mistrial would be an inadequate remedy for systematic intentional prosecutorial misconduct[.]" *Id.* at 372.

Additionally:

Dismissal of criminal charges punishes not only the prosecutor . . . but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious

- 5 -

and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Id.* (citations omitted).

Appellant argues that the trial court erred in dismissing his double jeopardy claim because the Commonwealth's questioning of Appellant during his first trial amounted to gross negligence, which he asserts is a sufficient level of prosecutorial misconduct to bar retrial on double jeopardy grounds. Appellant contends that "*intent* is of no concern when determining whether negligent or grossly negligent behavior occurred." Appellant's Brief at 8 (emphasis in original).

Appellant's argument is not consistent with our jurisprudence relating to double jeopardy claims based on prosecutorial misconduct. We have stated that "gross negligence on the part of the Commonwealth is never a sufficient basis upon which to bar retrial *on double jeopardy grounds*." ***Commonwealth v. Kearns***, 70 A.3d 881, 886 (Pa. Super. 2013) (emphasis in original). As we further explained:

> [U]nder Pennsylvania jurisprudence, it is the intentionality behind the Commonwealth's subversion of the court process, not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial. Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial.

*       *       *

The additional protections provided under Pennsylvania's Double Jeopardy clause do not extend to non-intentional prosecutorial misconduct, but rather only bar retrial following a defendant's successful motion for a mistrial when the conduct of the prosecutor [giving rise to the mistrial] is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

*Id.* at 884-86 (quotations, citations, and footnotes omitted).

In this case, ADA Trent's prosecutorial misconduct was not intentional. Notably, the record reflects that immediately upon eliciting the prejudicial response from Appellant set forth above, ADA Trent ceased questioning Appellant and brought the issue to the attention of the trial court. N.T., 12/13/17, at 168-69. Thus, the trial court appropriately rejected Appellant's double jeopardy claim, stating:

In the instant case, ADA Trent represented to this [t]rial [c]ourt that he did not know the answer to the prejudicial question which caused Appellant to move for a mistrial. In addition, ADA Trent conceded his line of questioning during Appellant's cross-examination eliciting the prejudicial response was "inartful." Moreover, immediately upon eliciting the prejudicial statement from Appellant, ADA Trent ceased his cross-examination of Appellant and later expressed his concern to Attorney Clelland and the [c]ourt outside the presence of the jury. ADA Trent stated his "intention was to explore the conversations with [Appellant's] sister." (*See* Notes of Testimony, Jury Trial, Day 2, Dec. 13, 2017, pg. 169:24-25). ADA Trent also admitted he did not anticipate Appellant's answer. (*Id*. at 170:3-4). As such, this [t]rial [c]ourt finds and concludes no prosecutorial misconduct occurred because ADA Trent did not intentionally provoke Appellant to elicit this particular response, nor was he motivated by bad faith to harass or prejudice Appellant. Accordingly, this [t]rial [c]ourt properly concluded Double Jeopardy does not preclude the Commonwealth from trying Appellant for a second time and properly denied Appellant's Motion to Dismiss.

Trial Court Opinion, 3/29/18, at 4-5.

Based on our review of the certified record, we agree with the trial court's conclusion that ADA Trent did not intentionally commit prosecutorial misconduct in order to prejudice Appellant to the point of denying him a fair trial. **_See Kearns_**, 70 A.3d at 884-86. Although ADA Trent's line of questioning was "inartful," the record is replete with evidence that it was not ADA Trent's intention to prejudice Appellant and deny him a fair trial. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to dismiss the charges against him on grounds of double jeopardy.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2018