J-A24015-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR PINERO | : | |
| | : | |
| Appellant | : | No. 1770 WDA 2019 |

Appeal from the PCRA Order Entered October 30, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012815-2009

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: FILED OCTOBER 29, 2020

Appellant, Omar Pinero, appeals from the order denying his untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Appellant also challenges the PCRA court's denial of his petition for habeas corpus relief. After careful review, we affirm.

The facts supporting Appellant's conviction are not germane to this appeal. Pursuant to a plea agreement, Appellant entered a nolo contendere plea on March 24, 2010, to one count each of aggravated indecent assault, indecent assault (against a person less than 13 years old), and corruption of minors.[1] On October 15, 2010, the trial court sentenced him to 5-10 years' incarceration for aggravated indecent assault, and to a consecutive term of 5

———————————————

[1] Respectively, 18 Pa.C.S. §§ 3125(a)(1), 3126(a)(7), and 6301(a)(1).

years' probation for indecent assault. Additionally, the court designated Appellant to be a sexually violent predator ("SVP") under Megan's Law III.[2] This Court affirmed his judgment of sentence on direct appeal on March 12, 2012, and our Supreme Court subsequently denied further review. Commonwealth v. Pinero, 47 A.3d 1242 (Pa. Super. 2012) (unpublished memorandum), appeal denied, 50 A.3d 692 (Pa. 2012).

Appellant filed a pro se PCRA petition on August 15, 2018, and the PCRA court promptly appointed PCRA counsel, who then filed an amended PCRA petition on Appellant's behalf on February 21, 2019, which incorporated a habeas corpus petition ("habeas petition") presenting an alternative argument for identical relief. On September 27, 2019, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907(1). Appellant did not file a response thereto and, on October 30, 2019, the PCRA court entered an order dismissing both the amended petition, and the incorporated habeas petition. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The court issued its Rule 1925(a) opinion on January 8, 2020.

Appellant now presents the following question(s) for our review:

_____

[2] Megan's Law III governed Pennsylvania's registration, notification, and counseling ("RNC") requirements for sex offenders immediately prior to the adoption of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), Act of Dec. 20, 2011, P.L. 446, No. 111, as amended, 42 Pa.C.S. §§ 9799.10 to 9799.41.

> Whether the lower court had jurisdiction to address the underlying merits of Appellant's "Amended PCRA Petition and/or Petition for Writ of Habeas Corpus."

Appellant's Brief at 6. We will first address whether the PCRA court erred in denying Appellant's PCRA petition as untimely. Second, we will consider whether the court erred in denying Appellant's habeas petition.[3]

However, before we address either issue, some general background on the legislative history and case law at issue is appropriate. After the trial court deemed Appellant to be an SVP under Megan's Law III, Pennsylvania's General assembly passed SORNA in 2012, imposing, retroactively, new RNC requirements on sex offenders, including SVPs, such as Appellant. In Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), our Supreme Court determined that the general scheme of RNC requirements under SORNA constituted criminal punishment and, consequently, that retroactive application of those requirements was an ex post facto violation.[4]

_____

[3] For ease of disposition, we have reversed the order in which Appellant presented these issues in his brief.

[4] After Muniz, a panel of this Court addressed the more specific RNC requirements for SVPs under SORNA. Applying Muniz and Alleyne v. United States, 570 U.S. 99 (2013), this Court held that the RNC requirements applicable to SVPs under SORNA constituted an unconstitutional criminal punishment imposed not by a jury, but by a judge under the lesser preponderance-of-the-evidence standard. See Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), rev'd, 226 A.3d 972 (Pa. 2020) ("Butler I"). Subsequently, in Commonwealth v. Butler, 226 A.3d 972, 993 (Pa. 2020) ("Butler II"), our Supreme Court overturned Butler I, holding that the "RNC requirements applicable to SVPs" under SORNA "do not constitute

Following Muniz and Butler [I], the Pennsylvania General Assembly enacted legislation to amend SORNA. See Act of Feb. 21 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.[] §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA provisions, effective June 12, 2018. See Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. See 42 Pa.C.S.[] §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. See 42 Pa.C.S.[] §§ 9799.13, 9799.54.

Commonwealth v. Alston, 212 A.3d 526, 529 (Pa. Super. 2019).

Thus, Appellant is subject to Subchapter I under the current version of SORNA, as his offense occurred before December 20, 2012, but after April 22, 1996. Our Supreme Court recently addressed the constitutionality of Subchapter I, holding that it is "non[-]punitive" and, therefore, "does not violate the constitutional prohibition against ex post facto laws." Commonwealth v. Lacombe, 35 MAP 2018, 2020 WL 4148262, at *1 (Pa. July 21, 2020).

With this background in mind, we now turn to address Appellant's claims.

### PCRA

_____

criminal punishment" and, therefore, do not violate Alleyne. Butler II, 226 A.3d at 993.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

We must begin by addressing the timeliness of Appellant's pro se PCRA petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) (stating that the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> (b) Time for filing petition.--
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Here, Appellant's pro se PCRA petition was patently untimely. Therefore, he was required to plead and prove the applicability of an exception under Section 9545(b).

Appellant challenges the order dismissing his PCRA petition as untimely on two grounds. He first argues that if "Act 10 Subchapter I['s] [RNC] requirements are challenges to the legality of a sentence then the enactment of Act 10 is the functional equivalent of a 'resentence,' which would have occurred upon the enactment of Act 10 on February 21, 2018." Appellant's Brief at 26-27. Thus, Appellant essentially contends that his pro se PCRA petition was timely filed on August 15, 2018. See 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter ... shall be filed within one year of the date the judgment becomes final[.]").

We disagree. Appellant was not "resentenced" with the enactment of Act 10 and Subchapter I. As recently determined by our Supreme Court in Lacombe, the RNC requirements of Subchapter I are not criminal sanctions. See Lacombe, 2020 WL 4148262, at *18 ("We hold Subchapter I does not constitute criminal punishment...."). Consequently, the retroactive imposition of Subchapter I's RNC requirements on Appellant could not constitute a new criminal sentence. Lacombe did not specifically address the RNC requirements for SVPs under Subchapter I, however, it did not exclude them from its conclusion either. In any event, to the extent that Lacombe's holding that Subchapter I is non-punitive does not extend to SVPs under Subchapter I, Butler II adequately fills that gap.

In Butler II, the Supreme Court determined that the RNC requirements applicable to SVPs under Subchapter H are non-punitive:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

Butler II, 226 A.3d at 992–93 (citation omitted).

As noted above, "Subchapter I contains less stringent reporting requirements than Subchapter H." Alston, 212 A.3d at 529. Because Subchapter I's RNC requirements applicable to SVPs are less burdensome than are Subchapter H's RNC requirements for SVPs, it must be the case that Subchapter I's RNC requirements for SVPs also do not constitute criminal punishment given our Supreme Court's decision in Butler II. Accordingly, Appellant's claim that he was 'resentenced' when Act 10 came into effect is meritless, as Subchapter I's RNC requirements are not criminal sanctions.

Next, Appellant claims, alternatively, that the enactment of Act 10 constitutes a newly-discovered fact under Section 9545(b)(1)(ii). See Appellant's Brief at 30-32. Appellant acknowledges that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011). Nevertheless, he argues:

> A statute passed by the legislative branch of government is fundamentally different then decisional case law decided by the judicial branch. Courts interpret the law, whereas the legislature makes laws. See Marbury v. Madison, 5 U.S. [] 137 [] (1803). Since Watts dealt with the question of whether decisional case law constitutes a newly discovered fact it should not be viewed as controlling on the issue currently before this [C]ourt. The issue [is] whether the enactment of Act 10, which imposes affirmative duties upon Appellant, is a "fact" for purposes of the PCRA's newly discovered fact exception.
>
> The newly discovered fact is the enactment of Act 10 and since Appellant's petition was filed within one year of the enactment of Act 10[,] Appellant satisfies the newly discovered fact exception to the PCRA jurisdictional time-bar.

Appellant's Brief at 31-32.

- 8 -

We are not convinced by Appellant's perfunctory argument and citation to Marbury that newly-enacted statutes constitute new facts for purposes of invoking Section 9545(b)(1)(ii).  Although the Watts Court specifically addressed new decisional law, not new statutes, both constitute new law, not new facts.  We ascertain no significant difference between a new legislative action and a new judicial action in the context of the newly-discovered fact exception to the PCRA's timeliness requirements.  Accordingly, this aspect of Appellant's claim is also meritless.

For these reasons, we discern no abuse of discretion in the PCRA court's decision to deny Appellant's PCRA petition as untimely.

### Habeas Petition

Appellant also argues that his constitutional challenge to Act 10 is cognizable in his habeas petition.  The lower court found that Appellant's "claims would have been cognizable under the PCRA because they implicated the legality of his sentence."  Rule 907(1) Order, at 5, ¶ 13.  On that basis, the court denied Appellant's habeas petition.

Here, the general rule is that

the PCRA is intended to be the sole means of achieving post-conviction relief.  42 Pa.C.S. § 9542; Commonwealth v. Haun, … 32 A.3d 697 ([Pa.] 2011).  Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus.  [Commonwealth v.] Fahy, [737 A.2d 214,] 223–[]24 [Pa. 1999]; Commonwealth v. Chester, … 733 A.2d 1242 ([Pa.] 1999).  Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition.  See Commonwealth v. Peterkin, … 722 A.2d 638 ([Pa.] 1998);  see also Commonwealth v.

- 9 -

Deaner, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus.

Commonwealth v. Taylor, 65 A.3d 462, 465–66 (Pa. Super. 2013).

However, in Lacombe, our Supreme Court advised:

This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. See Muniz, supra (successful challenge to constitutionality of SORNA via direct appeal), Commonwealth v. Martinez, … 147 A.3d 517, 523 ([Pa.] 2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus" where PCRA petition would have been untimely), A.S. v. Pa. State Police, … 143 A.3d 896, 903 n.7 ([Pa.] 2016) (successful challenge to registration term through mandamus action against PSP).… Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.

This is especially so under the PCRA as many registrants, Lacombe included, would be ineligible for relief on timeliness grounds. See 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of judgment of sentence becoming final unless exception applies). Other registrants may be ineligible because their sentence has expired while their registration requirements continue. See 42 Pa.C.S. § 9543(a)(1) (PCRA petitioner must be serving sentence to be eligible for relief). Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

Lacombe, 2020 WL 4148262 at *10.

Applying Lacombe, we are compelled to agree with Appellant that his challenges to the constitutionality of his RNC requirements under Subchapter I were cognizable as a habeas petition, and that the trial court consequently erred in concluding otherwise. Turning to the merits of his habeas petition, however, he is still not entitled to relief.

"Ordinarily, an appellate court will review a grant or denial of a petition for writ of habeas corpus for abuse of discretion, … but for questions of law, our standard of review is de novo, and our scope of review is plenary." Commonwealth v. J., 916 A.2d 511, 521 (Pa. 2007). Additionally, we "are not bound by the rationale of the trial court, and may affirm on any basis." In re Jacobs, 15 A.3d 509, 509 (Pa. Super. 2011).

The bulk of Appellant's brief focuses on why his claims are cognizable in a habeas petition, that his PCRA petition was timely, or that he meets an exception to the PCRA's timeliness requirements. Very little effort is given in his brief to discussing the merits of those underlying claims. Nevertheless, those issues were set forth in his Amended PCRA petition. Appellant does not distinguish between the claims he sought to raise in his PCRA petition and the claims he sought to raise in his habeas petition; indeed, it is clear the claims are identical. Moreover, Appellant stated in his amended PCRA Petition that there are no

> disputed issues of fact which would require an evidentiary hearing on the questions of law raised in this Amended Petition. Counsel believes that all issues raised herein may be decided as a matter

- 11 -

of law based on the established and otherwise indisputable facts of record. Accordingly, [Appellant] is not requesting an evidentiary hearing pursuant to Rule of Criminal Procedure 902(A)(15).

Appellant's Amended PCRA Petition and/or Petition for Writ of Habeas Corpus, 2/21/19, at 9 ¶ 40. Thus, the issues raised in Appellant's habeas petition are pure questions of law.

In his amended Petition, Appellant argued that his RNC requirements under Subchapter I constitute an ex post facto violation. He acknowledged that Act 10 created Subchapter I to address that constitutional deficiency of the pre-Act 10 RNC requirements at issue in Muniz, but argued that the "similarities between the [pre-Act 10] SORNA scheme of sex offender registration and Subchapter I are remarkable, and the modest differences are not sufficiently meaningful to distinguish Subchapter I from SORNA for purposes of ex post facto analysis." Brief in Support of Amended PCRA Petition and/or Petition for Writ of Habeas Corpus, 2/21/19, at 15.

This was precisely the issue addressed by our Supreme Court in Lacombe, which held that "Subchapter I does not constitute criminal punishment" and, therefore, does not implicate the ex post facto clauses of the state or federal constitutions. Lacombe, 2020 WL 4148262 at *18. Accordingly, Appellant is not entitled to relief on that claim.

Appellant also argued below that the imposition of Subchapter I's RNC requirements constitutes a double-jeopardy violation under the federal and/or state constitutions, because the "enactment of Subchapter I on February 21,

2018[,] effectively created a new criminal penalty or punishment for the offenses he committed many years ago." Brief in Support of Amended PCRA Petition and/or Petition for Writ of Habeas Corpus at 22. This issue was also effectively decided by Lacombe when the Supreme Court determined that the RNC requirements of Subchapter I are non-punitive. Because Subchapter I does not impose a new criminal punishment, Appellant's double-jeopardy rights are not affected by Subchapter I of SORNA. See Kansas v. Hendricks, 521 U.S. 346, 369 (1997) ("Our conclusion that the Act is non[-]punitive thus removes an essential prerequisite for both Hendricks' double jeopardy and ex post facto claims.").

Appellant further argues that the double jeopardy clause of the Pennsylvania Constitution provides greater protection than its federal counterpart, citing Commonwealth v. Kearns, 70 A.3d 881, 884 (Pa. Super. 2013). The Kearns decision references our Supreme Court's holding that:

> [T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

Commonwealth v. Smith, 615 A.2d 321, 325 (Pa. 1992).

Here, the imposition of Subchapter I's RNC requirements on Appellant does not involve, and is in no way analogous to, the additional double-jeopardy protections provided by the Pennsylvania Constitution with regard to

issues involving prosecutorial misconduct at trial. Accordingly, Appellant is not entitled to additional relief under the Pennsylvania Constitution.

In sum, Appellant is not entitled to relief on the merits of any of his constitutional claims challenging Subchapter I's RNC requirements, even though the lower court erroneously determined that he was not able to raise those claims in his habeas petition. Thus, we affirm the order denying Appellant's habeas petition, albeit on alternative grounds than those provided by the lower court.

Order denying Appellant's PCRA and habeas petitions affirmed.

Judge Musmanno joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2020